**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHARLES H. JOHNSON, | DOCKET NUMBER |
| Appellant, | CH-4324-12-0688-B-1 |
| v. | |
| DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | DATE: December 2, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charles H. Johnson, Detroit, Michigan, pro se.

Christopher C. Ligatti and Thomas G. Massouras, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons set forth below, we VACATE the initial decision's finding that the Board lacks jurisdiction over this appeal, nonetheless DENYING the appellant's request for corrective action.

¶2      The appellant filed a Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) appeal with the Board. MSPB Docket No. CH-4324-12-0688-I-1, Initial Appeal File (IAF), Tab 1. He argued that the agency violated USERRA when a purported contractor, Industrial-Stevens,[2] failed to register with the Department of Labor (DOL) and publicly list its employment vacancies with the local employment services in an effort to prevent him and other veterans from applying and being afforded priority referral from DOL in the selection process. *Id*. at 1-4. The administrative judge dismissed the appeal for failure to state a claim upon which relief can be granted. MSPB Docket No. CH-4324-12-0688-I-1, Initial Decision (ID) at 2-4 (Sept. 21, 2012).

---

[2] In his initial appeal, the appellant identified the relevant entity as "Industrial/Stevens Apartments." IAF, Tab 1 at 1. Industrial Stevens is actually the name of an apartment building owned by Wingate Management Company, LLC. *See* Remand File (RF), Tab 24, Subtab 7 at 1, 4. However, the entity has been referred to as Industrial-Stevens or a similar iteration throughout the appeal, so we will continue to do so in this decision.

¶3         On review, we vacated the initial decision. MSPB Docket No. CH-4324-12-0688-I-1, Remand Order (RO) at 2 (Aug. 7, 2013). We held that the Board had jurisdiction over the appellant's USERRA appeal and that the appellant was entitled to a hearing on the merits.[3] RO at 3-4. However, we also noted that the appellant had the burden of proving, by preponderant evidence, that the agency was the "employer" under USERRA regarding the positions at issue. RO at 4-5.

¶4         Following the Board's remand, the administrative judge issued an order, again directing the appellant to prove jurisdiction over his USERRA claim. RF, Tab 8. Subsequently, she scheduled a hearing. RF, Tab 16 at 1. However, the appellant failed to appear for that scheduled hearing. *See* RF, Tab 38, Remand Initial Decision (RID) at 2 n.1. Nevertheless, the administrative judge permitted two agency witnesses to testify. RID at 2 n.1.

¶5         The administrative judge again dismissed the appeal, this time for lack of jurisdiction. RID at 2-8. The appellant has filed a petition for review. Remand Petition for Review (RPFR) File, Tab 3. The agency has filed a response. RPFR File, Tab 5.

The appellant failed to prove that the agency was the "employer" under USERRA for the purposes of his appeal.

¶6         In his petition, the appellant argues that the administrative judge erred in dismissing his appeal for lack of jurisdiction in light of the Board's remand order finding that he had already established jurisdiction. RPFR File, Tab 3 at 1-5. We agree but find the error harmless.

¶7         To establish Board jurisdiction over a USERRA discrimination appeal arising under 38 U.S.C. § 4311(a), an appellant must allege the following: (1) he performed duty or has an obligation to perform duty in a uniformed service of the

---

[3] In our remand order, we questioned whether the appellant intended also to present a Veterans Employment Opportunities Act of 1998 (VEOA) complaint. RO at 4. However, the appellant has since expressed his intention of seeking VEOA redress with a federal district court, not the Board. RF, Tab 10 at 1, Tab 14 at 1. Therefore, we will not further consider any potential VEOA claim here.

United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Weed v. Social Security Administration*, 112 M.S.P.R. 323, ¶ 8 (2009). As noted in our remand order, the weakness of the assertions in support of a USERRA claim is not a basis to dismiss for lack of jurisdiction; rather, if the appellant fails to develop his contentions, his USERRA claim should be denied on the merits. RO at 3 (citing *Weed*, 112 M.S.P.R. 323, ¶ 9).

¶8        Based on these guidelines, we found that the appellant made the requisite allegations to establish the Board's jurisdiction over his claim. RO at 3-4. However, the Board lacks authority to adjudicate a claim against a private employer for violation of an individual's rights under USERRA or to order any relief against a private employer for a USERRA violation. *Silva v. Department of Homeland Security*, 112 M.S.P.R. 362, ¶ 10 (2009). Therefore, we also found that the appellant had to prove, by preponderant evidence, that the agency had sufficient control over the employment decisions and practices of Industrial-Stevens to be considered the "employer" for purposes of his Board appeal. RO at 4-5; *see Silva*, 112 M.S.P.R. 362, ¶¶ 13-15, 19-20 (citing 38 U.S.C. § 4303(4)(A) (defining employer to include entities with "control over employment opportunities")).

¶9        In her decision, the administrative judge properly analyzed whether the agency could be considered the "employer" as it relates to jobs at Industrial-Stevens. *See* RID at 4-8. She noted that the agency had presented two witnesses, one from Industrial-Stevens and the other from the agency, both of whom testified that the agency had no control over the hiring or personnel decisions of Industrial-Stevens. RID at 4-6. According to the administrative judge, the testimony and documentary evidence established that the agency merely provided mortgage insurance to Industrial-Stevens. RID at 5; *see, e.g.*, RF, Tab 24, Subtab 8 (mortgage restructuring agreement between

Industrial-Stevens and the agency), Subtab 11 (insurance policy whereby the agency is a named insurer to Industrial-Stevens). The administrative judge also noted that the appellant presented no evidence to the contrary. RID at 6. Accordingly, the administrative judge found that the appellant failed to show, by preponderant evidence, that the agency was the "employer" as it relates to his USERRA claim and job vacancies for Industrial-Stevens. RID at 7-8.

¶10 On review, the appellant has not disputed, and we see no reason to disturb, the administrative judge's determination that the agency was not the "employer" as it relates to jobs with Industrial-Stevens. While the administrative judge improperly construed this as a jurisdictional determination, rather than a determination as to the merits of his claim, the error did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). The appellant failed to prove a required element of his USERRA claim; therefore, we deny his request for corrective action. *See Silva*, 112 M.S.P.R. 362, ¶ 20.

The administrative judge did not exhibit any bias or prejudice against the appellant.

¶11 The appellant's petition alleges that the judge delayed the appeal by refusing to respond to telephone calls and voicemail messages over the first 2 months that followed the Board's remand order, while also pointing to what he characterized as a meaningful change in tenor and tone during a teleconference.[4] RPFR File, Tab 3 at 1-3. To the extent that his argument can be construed as an allegation of bias or prejudice, we disagree.

¶12 There is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of

---

[4] With his assertion of "interference with a fair adjudication," the appellant's petition for review alleges that he suffered an "adverse action" and "retaliation" when Industrial-Stevens filed for his eviction with a Michigan court. RPFR File, Tab 3 at 1-2. However, as detailed in this decision, Industrial-Stevens is a private entity. Accordingly, the appellant's eviction does not impact the adjudication of his appeal.

personal bias, and the Board will not infer bias based on an administrative judge's rulings on issues.  *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible.  *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010).  Even if accepted as true, the appellant's assertions that the administrative judge did not respond to phone calls and changed her tone fails to overcome the presumption of honesty and integrity.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____

                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.